**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID CHARLES SCHUBERT, | No. 09-35550 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00660-RSL |
| v. | |
| KENNETH QUINN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted June 10, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Washington state prisoner David Schubert appeals the district court's denial

of his habeas corpus petition seeking relief from his conviction for second-degree

murder and his 164-month sentence, which is scheduled to terminate in September

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

2011.  We have jurisdiction pursuant to 28 U.S.C. § 2253.  We reverse and remand.

The district court erred by concluding that Schubert procedurally defaulted federal habeas claims 2, 3, 4, 5, 8, and 9.  The last reasoned state decision, that of the Washington Supreme Court Commissioner denying review of Schubert's personal restraint petition ("PRP"), declined to consider these claims on the ground that they had been raised and rejected on direct appeal, and so could not be relitigated in a PRP.  *See, e.g.*, *In re Taylor*, 717 P.2d 755, 758 (Wash. 1986) (en banc).  But "[w]hen a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal review. . . . When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim has been procedurally defaulted."  *Cone v. Bell*, 129 S. Ct. 1769, 1781 (2009).  *See also, e.g.*, *Ylst v. Nunnemaker*, 501 U.S. 797, 804 n.3 (1991); *Pirtle v. Morgan*, 313 F.3d 1160, 1168 (9th Cir. 2002).

Nor can we conclude that these claims are procedurally defaulted on the ground that Schubert waived them by failing to present them to the Washington Supreme Court on direct appeal.  That court's Commissioner's order denying review of Schubert's PRP held that these claims had been previously determined,

2

not that they had been waived. "When a state court declines to find that a claim has been waived by a petitioner's alleged failure to comply with state procedural rules, our respect for the state-court judgment counsels us to do the same. . . . [W]e have no . . . duty to apply state procedural bars where state courts have themselves declined to do so." *Cone*, 129 S. Ct. at 1782; *see also Harris v. Reed*, 489 U.S. 255, 263 (1989).

The state conceded in its answer to Schubert's habeas petition in the district court that all of Schubert's federal claims were exhausted. Respondent's Answer and Memorandum of Authorities at 8, *Schubert v. Quinn*, No. 08-CV-00660-RSL (W.D. Wash. July 31, 2008), ECF No. 14. For that reason, the district court also erred by concluding that federal habeas claim 7 was procedurally defaulted on the ground that claim 7 had not been properly exhausted, but would now be considered barred by the Washington courts. Because the state expressly conceded that Schubert has satisfied the exhaustion requirement, s*ee* 28 U.S.C. § 2254(b)(3), claim 7 is not procedurally defaulted under the rule of *Coleman v. Thompson*. *See* 501 U.S. 722, 735 n.\* (1991).

We decline to expand the certificate of appealability to include Schubert's uncertified issues. *See* 9th Cir. R. 22-1(e). We agree with the Washington Supreme Court Commissioner that Schubert has not carried his "heavy burden" of

3

showing "actual, nonspeculative prejudice" because of preindictment delay. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). As a result, no evidentiary hearing is necessary to investigate the state's reasons for the delay. *Id.* at 1113 n.2. Nor is Schubert entitled to an evidentiary hearing on his claim that the state withheld transcripts of testimony given by his sons, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Even if the state suppressed the transcripts — which we doubt, because the transcripts were found in Schubert's counsel's files — Schubert has not shown prejudice. Schubert knew that his sons believed that they had seen their mother leave the family's home, but chose not to call them as trial witnesses. We fail to see how disclosure of the transcripts could have altered that choice. Finally, the Washington Supreme Court Commissioner's adjudication of Schubert's sufficiency of the evidence claim was not unreasonable. *See McDaniel v. Brown*, 130 S. Ct. 665, 673-74 (2010).

In sum, we reverse and remand to allow the district court to consider federal habeas claims 2, 3, 4, 5, 7, 8, and 9 on the merits, but we do not expand the certificate of appealability.

**REVERSED AND REMANDED.**